1  **KURT K. ROBINSON**
   **Attorney at Law**
2  **1970 Broadway**
   **Suite 1250**
3  **Oakland, CA  94612**
   **(510) 435-3794**
4  **SBN# 108095**

5  Attorney for Defendant

6

7                    UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9

10 UNITED STATES                          ) Case No.  5:07-MJ-70744
                                          )
11            Plaintiff,                  ) NOTICE OF MOTION AND MOTION
                                          ) FOR CHANGE OF VENUE;
12 vs.                                    ) MEMORANDUM OF POINTS AND
                                          ) AUTHORITIES IN SUPPORT
13                                        ) THEREOF; DECLARATION OF
   BICH-HANG NGUYEN                       ) KURT K. ROBINSON
14                                        )
                                          ) Date: January 8, 2008
15                                        ) Time  9:00 a.m.
              Defendant.                  ) Dept.
16 _____)

17

18 TO:  UNITED STATES ATTORNEY IN CALIFORNIA and NEBRASKA

19 TO: CLERK OF THE ABOVE ENTITLED COURT

20 PLEASE TAKE NOTICE, that on January 10, 2007 Defendant Bich-Hang Nguyen ("Defendant

21 Nguyen"), through counsel Kurt K. Robinson, will move this court to transfer venue of the

22 pending matter to another District on the grounds that another district is of more convenience to

23 the parties and is in the interests of justice.

24                                                                                             1

25

This Motion will be based on this Notice, the attached memorandum of points and authorities, and the Declaration of Kurt K. Robinson, and upon such other and further arguments as may be presented to the Court at the hearing of this matter.

Dated: January 8, 2008                                          Respectfully Submitted,

                                                                  Kurt K. Robinson
                                                                  Attorney for the Defendant
                                                                  Bich-Hang Nguyen

## MOTION

Defendant Bich-Hang Nguyen, by and through counsel, hereby moves the Court for an order transferring venue of the pending matter to another District on the grounds that another district is of more convenience to the parties, and is in the interests of justice.

Dated: January 8, 2008                                          Respectfully Submitted,

                                                                  Kurt K. Robinson
                                                                 Attorney for the Defendant
                                                                 Bich-Hang Nguyen

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

At all times Bich Nguyen and her husband were residents of California. On or about 12/13/2007 Bich Hang Nguyen was arrested in San Jose, California. In July of 2007 Ms. Bich Hang Nguyen took her husband to the Kansas City Airport. Ms. Nguyen had been on vacation visiting her mother in Springfield, Illinois. The next time Hang Nguyen heard from her husband he called from Nebraska on July 24, 2007 after his arrest. When Mr. Nguyen was arrested, he asked his wife to contact Lien Nguyen, she did so via her California email account. The overt act charged in the conspiracy is simply the email she sent to Lien Nuygen advising that her husband had been arrested.

## II.

## DEFENDANT NGUYEN IS ENTITLED TO A CHANGE OF VENUE BECAUSE IT IS MORE CONVENIENT AND IN THE INTERESTS OF JUSTICE.

Rule 21(B) of the Federal Rules of Criminal Procedure state in pertinent part that: "Upon the defendant's motion, the court may transfer the proceeding, of one or more counts, against that defendant to another district for the convenience of the parties and in the interests of justice." The basic question under this rule permitting transfer of criminal case in the interest of justice is whether sufficient cause has been shown to satisfy court that proposed transfer is in the interest of justice, and such determination rests upon the unique facts of each case and is addressed to trial court's discretion. *U. S. v. Alter*, S.D.N.Y.1979, 81 F.R.D. 524. In acting on a motion to transfer under this rule, a district court has broad discretion, yet the determination of requirements of "the interest of justice" should be given primary consideration, including factors

of relative ease of access to sources of proofs, availability of compulsory process for attendance of unwilling, and cost of obtaining attendance of willing witnesses, and state of court calendar. *Minnesota Min. & Mfg. Co. v. Platt*, C.A.7 (Ill.) 1963, 314 F.2d 369. In ruling on a motion for interdistrict transfer of an indictment, court must weigh: location of defendant, location of possible witnesses, location of events likely to be in issue, location of documents and records likely to be involved, disruption of defendant's business unless the case is transferred, expense of the parties, location of counsel, relative accessibility of place of trial, and any other special elements which might affect a transfer. *Ibid.*

There are numerous reasons why this motion should be granted. These reasons resolve around the contention that a trial away from the Defendant's residence would be very burdensome. The Supreme Court has held that criminal defendants have no right, Constitutional or otherwise, to be tried in their home district. *Platt,* 376 U.S. at 245, 84 S.Ct. 769. However, the Fourth Circuit has held that a defendant should be tried in a court close to where the defendant lives. *See, e.g., United States v. Lenihan,* 19 F.3d 1430, 1994 WL 102149, at *4 (4th Cir. March 29, 1994).

Furthermore, it has been said that as a matter of "policy" courts should, "whenever possible," try defendants "where they reside." *United States v. Russell,* 582 F.Supp. 660, 662 (S.D.N.Y.1984); *see also United States v. Cashin,* 281 F.2d 669, 675 (2d Cir.1960) ("Recognizing the unfairness and hardship to which trial in an environment alien to the accused exposes him, and the important policies underlying the venue provisions of the Constitution and Bill of Rights, the Supreme Court has declared that venue statutes should, whenever possible, be construed so to permit trial at the residence of the defendant.") (citations and internal quotation marks omitted); *United States v. Aronoff,* 463 F.Supp. 454, 457 (S.D.N.Y.1978) ("As ... many other judges have recognized, it can be a hardship for a defendant to face a trial far away from

4

home and from 'appropriate facilities for defense.'... It has been stated, therefore, that as a matter of policy, a defendant should ordinarily be tried, whenever possible, where he resides.") (citations omitted).

The significance of a defendant's place of residence, for purposes of a Rule 21(b) determination, lies in the additional burdens, which are imposed when his trial is held away from that residence. Platt v. Minnesota Mining and Manufacturing Co., supra, at 245-246, 84 S.Ct. at 772-773.

There are essentially three specific hardships which will ensue if Defendant is tried in Nebraska: (1) The Defendant will not be able to conduct her business activities and meet her family responsibilities; (2) the Defendant will be physically and economically taxed if they are required to transport their attorneys, their witnesses, and themselves to Nebraska; and (3) the cost of living expenses in Nebraska for a two week trial will be expensive.

**A. Defendant Nguyen will not be able to Conduct her Business Activities and Meet her Family Responsibilities if the Trial is held in Nebraska.**

Defendant Nguyen attendance at trial in Nebraska will certainly seriously hamper her earning powers. She will be forced to neglect her family responsibilities while in trial at Nebraska. If the trial were held in California, however, she would be able, at least to a substantial extent, to conduct her business activities by working evenings and weekends.

Thus, being more than 1,000 miles from home will unquestionably have a materially adverse effect on the Defendant's work.

**B. Defendant will be Physically and Economically Taxed due to Transportation of her Attorney and Witnesses.**

Defendants' counsel resides and office is in California. Counsel will indicate that

5

California would be more convenient than Nebraska since the distance would be less and Defendant's counsel would be able to use their facilitates and offices. Although Defendant counsel could come to Nebraska it would escalate the Defendant's counsel cost, as well as her own, considerably.

The location of potential witnesses will result in a substantial inconvenience because most of substantive witnesses who have personal knowledge of the facts of this case reside in California. Location of witnesses is "one of the more significant factors in the" decision to transfer venue under Rule 21(b). *United States v. Daewoo Indus. Co., Ltd.,* 591 F.Supp. 157, 160 (D.Or.1984) Tien Doran, Albert Fong, Kathy Ortega, and Elisa Loreno are potential witnesses in this case and do not have the financial means to travel to Nebraska and testify.

Courts have held that generally, a naked allegation that witnesses will be inconvenienced by trial in a distant forum will not suffice for transfer.... Defendants must offer specific examples of witnesses' testimony and their inability to testify because of the location of the trial.... the court must rely on 'concrete demonstrations' of the proposed testimony." *United States v. Haley,* 504 F.Supp. 1124, 1126 (E.D.Pa.1981) (citing *United States v. Kelly,* 467 F.2d 262, 265 (7th Cir.1972). The defense witnesses are available, willing, and able to testify in California, while being unavailable, unwilling, and unable to testify if the trial is held in Nebraska.

**C. Defendant Nguyen will Incur Significant Living Expenses if Trial is Held in Nebraska.**

The expense to Defendant will result in a substantial inconvenience because Defendant will be forced to absorb significant out-of-pocket costs for both travel and hotel accommodations during trial. Travel and lodging expenses are an obvious factor to be considered in determining the balance of inconvenience to the parties, *see United States v. Haley,* 504 F.Supp. 1124, 1128-

29 (E.D.Pa.1981), albeit not controlling, unless unbearable. *See Baltimore & Ohio R.R.,* 538 F.Supp. at 205. Courts considering this factor are not to focus on the size of an expense that the defendants may incur, but rather, on their ability to pay. *See Haley,* 504 F.Supp. at 1129, n. 32. the [defendants], the Government can, and does, mint money." *U.S. v. Coffee,* 113 F.Supp.2d 751, 757 (E.D.Pa.2000).

Even if it is true that Defendant Nguyen is a person of significant financial means, however, when compared to that of the government's resources, they pale in comparison. Here, the government is in a better position to bear the additional expense of trying the case in California. Accordingly, this factor weighs in favor of Defendant. Expense to the Defendant will result in a substantial balance of inconvenience because Defendant will be forced to absorb significant out-of-pocket costs for both travel and hotel accommodations during trial.

**CONCLUSION**

Due to the considerable expense of a trial in Nebraska, inconvenience of the witnesses and the parties, and the location of Defendant's counsel, Defendant Nguyen respectfully request that this Court transfer venue of the pending matter to another District.

Dated: January 8, 2008                                              Respectfully Submitted,

                                                                    _____
                                                                    Kurt K. Robinson
                                                                    Attorney for the Defendant
                                                                    Bich-Hang Nguyen

7

# DECLARATION OF KURT K. ROBINSON

I, KURT K. ROBINSON, declare as follows:

1. I am an attorney at law, duly licensed to practice law and practicing law in the state if California, State Bar No. 108095, with principal offices located at 1970 Broadway, Suite 1225, Oakland, California 94512. I am the attorney for Defendant, Bich-Hang Nguyen in this criminal action. I have read the within Motion, Memorandum of Points and Authorities, and other supporting documentation, and declare under penalty of perjury that the contentions therein are true and correct to the best of my information and belief.

2. Defendant Nguyen is charged in the Superseding Indictment filed December 10, 2007 with unlawfully, willfully and knowingly conspire, combine, confederate and agree together to commit the following offenses against the United States:

    A. To travel in interstate commerce with the intent to distribute the proceeds of an unlawful activity and thereafter to perform and attempt to perform an act to distribute the proceeds of such unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(1);

    B. To travel in interstate commerce with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, and thereafter to perform and attempt to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, in violation of Title 18, United States Code, Section 1952(a) (3).

8

It was alleged part of the conspiracy that cash proceeds from the distribution of marijuana would be assembled for subsequent distribution in other states.

It was alleged further that part of the conspiracy that KHA MANH NGUYEN would travel to the location where the cash proceeds were located and rent a car. The cash proceeds would then be; loaded into the motor vehicle and transported to the destination designated by LIEN NGUYEN a/k/a Lyn Wynn.

It was alleged further part of the conspiracy that BICH NGUYEN would serve as a communications link between KHA MANH NGUYEN and LIEN NGUYEN a/k/a/ Lynn Wynn. KHA MANH NGUYEN would contact BICH NGUYEN by telephone and pass on whatever messages KHA MANH NGUYEN would ask to have forwarded. BICH NGUYEN, in turn, would forward the messages to LIEN NGUYEN a/k/a/ Lynn Wynn by telephone and email according to the complaint. Most of this activity, if it occurred, happened in California.

3. The cost of retaining new counsel in Nebraska or cost related to expenses to maintaining current counsel in Nebraska, traveling to Nebraska, in addition to the cost of trial expense in Nebraska and flying the witnesses to Nebraska would be an exorbitant cost to Defendant. Defendant simply cannot afford to pay this expense.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 8th day of January 2007, Oakland, California.

_____/s/_____

Kurt K. Robinson

9